# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BANK OF AMERICA, N.A.,

    Plaintiff,

v.

MALIBU CANYON INVESTORS, LLC, et al.,

    Defendants.

Case No. 2:10-CV-00396-KJD-LRL

**ORDER**

    Presently before the Court is Defendants' Motion to Set Aside Default (#16). Plaintiff filed a Response in Opposition (#18), to which Defendants filed a Reply (#21). Rule 3.5A of the Nevada Rules of Professional Conduct requires that "when a lawyer knows or reasonably should know the identity of a lawyer representing an opposing party, he or she should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed." In Plaintiff's Response in Opposition (#18), Plaintiff did not argue that Defendants' counsel was notified that they would be seeking entry of default as required by Rule 3.5A. See Cen Val Leasing Corp. v. Bockman, 668 P.2d 1074 (Nev. 1983)(failure to inquire of opposing counsel about intention to proceed before seeking default is grounds for setting aside default). Furthermore, the Record is completely devoid of any evidence that such inquiry was made.

1  Therefore, **IT IS HEREBY ORDERED** that Plaintiff **PRODUCE EVIDENCE** within ten
2  (10) days showing that such inquiry was made by Plaintiff prior to filing for default.
3  Dated this 21st day of June 2011.

                                                                             Kent J. Dawson
                                                                             United States District Judge