1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

10  BANK OF AMERICA, N.A.,

11      Plaintiff,                          Case No. 2:10-CV-00396-KJD-LRL

12  v.                                      **ORDER**

13  MALIBU CANYON INVESTORS, LLC,
    et al.,
14
        Defendants.
15

16      Presently before the Court is Defendants' Motion to Set Aside Default (#16).  Plaintiff filed a

17  Response in Opposition (#18), to which Defendants filed a Reply (#21).  Also before the Court is

18  Plaintiff's Motion for Summary Judgment (#14).  Defendants filed a Response in Opposition (#17)

19  to which Plaintiff filed a Reply (#22).

20      Rule 3.5A of the Nevada Rules of Professional Conduct requires that "when a lawyer knows

21  or reasonably should know the identity of a lawyer representing an opposing party, he or she should

22  not take advantage of the lawyer by causing any default or dismissal to be entered without first

23  inquiring about the opposing lawyer's intention to proceed."  In Plaintiff's Response in Opposition

24  (#18), Plaintiff did not argue that Defendants' counsel was notified that they would be seeking entry

25  of default as required by Rule 3.5A.  See Cen Val Leasing Corp. v. Bockman, 668 P.2d 1074 (Nev.

26  1983) (failure to inquire of opposing counsel about intention to proceed before seeking default is

1    grounds for setting aside default).  Furthermore, the record is devoid of any evidence that such

2    inquiry was made.  As Plaintiff did not respond to the Court's previous Order (#23) and provide

3    evidence showing that such an inquiry was made by Plaintiff prior to filing for default, Defendants'

4    Motion to Set Aside Default (#16) must be granted.

5         The present motion for summary judgment was filed on November 24, 2010 before a

6    discovery plan or scheduling order had been entered.  In opposition to the motion, Defendants have

7    requested that the Court deny Plaintiff's motion pursuant to Fed. R. Civ. P. 56(d) in order to allow

8    Defendants to conduct discovery.  "Where . . . a summary judgment motion is filed so early in the

9    litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of

10   the case, district courts should grant any Rule 56[d] motion fairly freely."  Burlington N.Santa Fe

11   Ry. Co. v. Assiniboine and Sioux Tribes, 323 F.3d 767, 773 (9th Cir. 2003).  Having read and

12   considered the pleadings, motions, and affidavits of the parties, the Court denies Plaintiff's motion

13   for summary judgment without prejudice in accordance with Rule 56(d).

14        Therefore, **IT IS HEREBY ORDERED** that Defendants' Motion to Set Aside Default (#16)

15   is **GRANTED**.

16        **IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (#14) is

17   **DENIED** without prejudice.

18        DATED this 8th day of July 2011.

19

20                                                    _____
                                                     Kent J. Dawson
21                                                   United States District Judge

22

23

24

25

26

2