1

2

3

4                              **UNITED STATES DISTRICT COURT**

5                                    **DISTRICT OF NEVADA**

6

7    BANK OF AMERICA, N.A.,                          )
                                                     )
8                                    Plaintiff,      )        Case No. 2:10-cv-00396-KJD-PAL
                                                     )
9    vs.                                             )        **ORDER**
                                                     )
10   MALIBU CANYON INVESTORS, LLC, *et al.,*         )        (Mot. Compel - Dkt. #53)
                                                     )        (Mot. Compel - Dkt. #54)
11                                   Defendant.      )
     _____       )

12

13          The court conducted a hearing on January 9, 2012, at 3:30 p.m.[1], on Defendant Malibu Canyon

14   Investors, LLC, and Terrence P. Bean's Motion to Compel Production of Improperly Withheld

15   Appraisal (Dkt. #53), and Plaintiff's Emergency Motion to Compel Responses to its First Set of

16   Requests for Production of Documents (Dkt. #54). Karl Riley and Michael Stein appeared on behalf of

17   the Plaintiff. Allyson Noto and Matthew Kneeland appeared on behalf of the Defendants. The court has

18   considered the Motions, the Oppositions (Dkt. ##56, 57), Reply (Dkt. #58), and the arguments of

19   counsel at the hearing.

20                                        **BACKGROUND**

21          This is a deficiency judgment action brought by Plaintiff Bank of America, N.A. ("BOA")

22   against Defendant Malibu Canyon Investors, LLC ("MCI") as Borrower, and Defendant Terrence Bean

23   ("Bean") as Guarantor.

24   **I.      Defendants' Motion to Compel (Dkt. #53)**.

25          Defendants seek an order compelling the Plaintiff to produce a March 2009 appraisal counsel

26   _____

27          [1]The matter was originally set for hearing on January 5, 2012, at 11:00 a.m. Counsel for the
     Defendants appeared. However, when counsel for Plaintiff had not arrived by approximately 11:45 a.m.,
28   because of a conflicting appearance in state court, the matter was continued to January 9, 2012.

1    for Plaintiff withheld on the basis of work product privilege.  In a first set of requests for production of

2    documents, Defendants requested a true and complete copy of every appraisal for the subject property

3    performed between December 1, 2005, and the present.  Plaintiff responded to the request and produced

4    a number of appraisals and provided the bates numbers of the appraisals that had been produced.

5    However, Plaintiff also responded to Interrogatory No. 7 which asked Plaintiff to identify the value of

6    the subject property and every appraisal obtained between December 1, 2005, to the present.  Plaintiff's

7    Answer to Interrogatory No. 7 identified seven appraisals.  For six of the seven appraisals, Plaintiff

8    provided the value of the property as requested.  However, although it identified an appraisal dated

9    March 9, 2009, with a March 3, 2009 date of valuation, Plaintiff objected that the report was sought by

10   legal counsel in anticipation of litigation, and that it was not subject to discovery pursuant to

11   Fed.R.Civ.P. 26(b)(3)(A).

12        Defendants argue that Plaintiff responded to Request for Production No. 5 without objecting and

13   has therefore waived any work product or privilege objection.  Defendants also argue that the March

14   2009 appraisal is not protected by the qualified work product privilege because it was not prepared in

15   anticipation of litigation.  In meet-and-confer efforts to avoid this dispute without court intervention,

16   Plaintiff's counsel clarified that this deficiency judgment action was the action for which the appraisal

17   was prepared in anticipation of litigation.  Because the state court action was filed in state court in

18   August 2008, and "formally continued in federal court as of March 2010", Defendants argue the report

19   could not have been prepared in anticipation of this litigation.

20        Plaintiff opposes the motion asserting that Plaintiff's counsel retained the services of the

21   Criterion Group to prepare an appraisal of the subject property in January 2009, to advise BOA about

22   legal issues surrounding the judicial foreclosure action.  Specifically, counsel avers in a sworn affidavit

23   that he sought the appraisal to advise his client about legal issues concerning the credit bid process at a

24   Sheriff's sale, as well as the anticipated deficiency action that Plaintiff was contemplating upon

25   completion of the Sheriff's sale.  See Declaration of Stephen Yoken (Dkt. #57) ¶ 4, 5.  The Criterion

26   Group was retained by counsel in January 2009.  *Id*. ¶ 4.  The Criterion Group conducted an appraisal

27   of the property at the direction of Plaintiff's counsel "solely for the purpose of my legal services related

28   to the Judicial Foreclosure Action and the instant deficiency litigation."  *Id*. ¶ 6.  The appraisal was

1   completed March 9, 2009, with a March 3, 2009, date of valuation. *Id*. ¶ 7.

2        Plaintiff argues that under these circumstances the appraisal is protected from disclosure under

3   the work product privilege.  Plaintiff also disputes that it waived its right to assert a work product

4   privilege because it did not expressly assert the privilege in its Response to Request for production No.

5   5.  Plaintiff expressly asserted the privilege in a corresponding privileged document log which was

6   sufficient to put Defendants on notice of Plaintiff's privilege claim and satisfy the Federal Rules of

7   Civil Procedure.  Plaintiff's counsel requested the appraisal during the state court judicial foreclosure

8   action because he anticipated this deficiency judgment action would be filed after the conclusion of the

9   judicial foreclosure action and related Sheriff's sale of the property.  At the request of opposing counsel

10  during the meet-and-confer process Plaintiff supplemented its privileged document log to clarify that

11  the appraisal was prepared in anticipation of this deficiency judgment action.

12       Having reviewed and considered the moving and responsive papers and the arguments of

13  counsel, the court finds that the appraisal was prepared in anticipation of this deficiency judgment

14  action and protected by the work product privilege.  Counsel for Plaintiff clearly anticipated that this

15  deficiency judgment action would be filed upon the completion of the state court judicial foreclosure

16  action and related Sheriff's sale of the property.  The court agrees that Plaintiff should have made it

17  clear in its Response to Request for Production No. 5 that it was withholding this appraisal on the basis

18  of privilege.  However, Plaintiff responded to the interrogatories and produced a privileged document

19  log clearly identifying this appraisal report as withheld from production.  Under these circumstances,

20  the court finds the Plaintiff did not waive the privilege with respect to this single appraisal.  Plaintiff

21  has produced six appraisal reports, and is entitled to protect the report counsel for Plaintiff requested to

22  provide legal advise to the Plaintiff concerning the anticipated deficiency judgment action.

23  **II.**     **Plaintiff Bank of America's Emergency Motion to Compel Responses (Dkt. #54)**

24       Plaintiff filed this as an emergency motion because the discovery cutoff was set to expire

25  January 6, 2012.  Plaintiff served Defendants with a request for production of documents August 25,

26  2011.  The responses were due September 26, 2011.  On September 22, 2011, defense counsel

27  requested an extension until October 3, 2011, which was granted.  However, Plaintiff's counsel advised

28  Defendants' counsel that the Defendants would waive their objections if Plaintiff did not receive them

1  by September 22, 2011.  Defendants served a response to the requests for production of documents on

2  September 22, 2011.  The response did not produce any documents but did assert a number of general

3  objections which were incorporated in response to a number of the specific requests.  Defense counsel

4  requested the extension to respond to the requests for production representing they were gathering

5  responsive documents.  However, Defendants later responded that there were no documents responsive

6  to any of Plaintiff's requests for production of documents.  Plaintiff seeks to compel the Defendants to

7  respond to Request for Production No.s 1 through 10.  Plaintiff also seeks sanctions in the form of

8  reasonable costs and attorneys fees incurred for the necessity of filing this motion.

9      Defendants oppose the motion arguing that it should be denied because each of the 10 requests

10  are either still objectionable, or the information sought has been provided and therefore the dispute is

11  moot.  Defense counsel sent Plaintiff's counsel a letter October 11, 2011, clarifying each of the

12  Defendants' objections.  Defense counsel did not receive a response to the October 11, 2011 letter until

13  counsel for the parties had a telephone conversation on November 15, 2011.  During the telephone call

14  defense counsel indicated he believed the responses were timely and supported by the legal authority

15  provided in the letter.  He also indicated that there probably were no documents responsive to Plaintiff's

16  requests, or that they would be "forthcoming."  Defense counsel advised that Defendants would

17  supplement or correct their disclosures in a timely manner if any discoverable documents became

18  available.

19      Defense counsel argues that Request No. 1 is objectionable because Defendants denied the

20  allegations of the complaint, and in this deficiency action it is for the court to determine whether

21  Defendants owe any indebtedness.  However, Defendants referred Plaintiff to the Sheriff's Certificate

22  of Sale in the October 11, 2011 letter, and have produced both an expert and rebuttal expert who opine

23  that no indebtedness is owed.  Accordingly, there are no documents to produce.  Defendants also object

24  to the request for production of tax returns on the grounds they are neither relevant, and the Nevada

25  Supreme Court has held that because they are sensitive and confidential, discovery of tax returns is

26  disfavored.  Defendants object to Request for Production No. 3 which requests documents evidencing

27  loans entered into between 2005 and 2010, on the grounds the information Plaintiff seeks about the

28  Defendants' sophistication is readily obtainable from another source that is more convenient, less

4

1   burdensome and less expensive, for example, deposition testimony.  Defendants object to Request

2   No.'s 5 through 10 which request documents supporting the Defendants' affirmative defenses on the

3   grounds they call for legal conclusions.  Defendants cite advisory committee notes following the 1970

4   amendment to Rule 33 in support of their position that under the 1970 amendment to Rule 33,

5   interrogatories may not extend to issues of pure law.

6          Having reviewed and considered the moving and responsive papers and the arguments of

7   counsel, the court will overrule the Defendants' general objections and strike them.  The objections are

8   boilerplate and do not respond to specific requests.  The court will compel Defendants to provide full

9   and complete responses, without objections to Request for Production No.s 1 and 4 through 10 no later

10  than January 16, 2012, at 4:00 p.m.  The court finds Defendants' responses to these requests for

11  production are evasive, incomplete and non-responsive.  Defense counsel specifically requested an

12  extension to serve Plaintiff with responsive documents representing the clients were in the process of

13  gathering responsive documents, yet, served opposing counsel with boilerplate objections and no

14  responsive documents.

15         Additionally, Defendants' objections to these requests are frivolous.  For example, Defendants

16  responded to Request for Production No. 4 which asked for writings, recordings or documents

17  evidencing all negotiations that lead to the execution of the loan documents involved in this case by

18  stating the documents had been requested, and if identified, would be supplemented.  There either are or

19  are not responsive documents.  Any responsive documents must be produced, or if privileged, identified

20  on a privileged document log.  If there are no responsive documents Plaintiff is entitled to a response to

21  the request specifically stating there are no responsive documents.  Defendants responded to Request

22  No.s 5 through 10, which ask for documents supporting the Defendants' denial of Paragraph 40 of the

23  complaint, and supporting affirmative defenses the Defendants asserted.  Defendant objected to each of

24  these requests stating they called for a legal conclusion.  In support of this objection, the Defendants

25  cite the advisory committee notes to the 1970 amendment to Rule 33(b), while ignoring the 2007

26  amendments to Rule 33.  Defense counsel acknowledges that because the procedure in Rule 33 is

27  essentially the same as in Rule 34, that the advisory committee notes for Rule 33 are informative on the

28  scope of discovery under Rule 34.  Yet, defense counsel relies on the rule as it existed more than 40

1   years ago to support their frivolous objections.  In 2007, Rule 33 was amended to provide that "an

2   interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact

3   or the application of law to fact . . . ."  Fed.R.Civ.P. 33(a)(2).

4          Similarly, Defendants argue that now that they have produced documents, the discovery dispute

5   is moot.  However, Rule 37(a)(5) is explicit.  If a motion to compel is granted, or if disclosure of the

6   requested discovery is provided after the motion was filed, "the court must, after giving an opportunity

7   to be heard, require the party or the deponent whose conduct necessitated the motion, the party or

8   attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the

9   motion, including attorneys fees."  Fed.R.Civ.P. 37(a)(5)(A).  Sanctions are mandatory unless the court

10  finds that the movant filed the motion before attempting to resolve the matter in good faith, the

11  opposing party's non-disclosure, response or objection was substantially justified, or other

12  circumstances make an award of expenses unjust.  Fed.R.Civ.P. 37(a)(5)(A)(i), (ii) and (iii).

13         The court will deny Plaintiff's Motion to Compel (Dkt. #54) with respect to Request for

14  Production No. 2, which requests copies of the Defendants' individual and corporate tax returns for the

15  years 2005 through 2010.  Plaintiff seeks these returns to advance Plaintiff's theory that the Defendants

16  were sophisticated investors, and the tax returns will establish the degree of the Defendants'

17  sophistication.  Although the Plaintiff has articulated a rationale for obtaining the discovery, the court

18  will apply the limitations of Rule 26(b)(2)(C)(i) finding the discovery Plaintiff seeks concerning the

19  degree of the Defendants' "sophistication" can be obtained from other sources that are more

20  convenient, less burdensome, or less expensive.  Counsel for Plaintiff deposed Mr Bean, and had the

21  opportunity to fully explore his background and other factors to explore his sophistication in general

22  business dealings, real estate projects and the type of loan transaction entered into in this case. The

23  court also finds that Request for Production No. 3 which asks for all writings, recordings or documents

24  evidencing all loans that the Defendants have entered into between 2005 and 2010 as a borrower or

25  guarantor is overly broad on its face.

26         Accordingly,

27         **IT IS ORDERED** that:

28         1.     The Motion to Compel Production of Improperly Withheld Appraisal (Dkt. #53) is

6

1         **DENIED**.

2     2.     Plaintiff's Motion to Compel Request for Production (Dkt. #54) is **GRANTED in part**

3         and **DENIED in part**.  The motion is **GRANTED** with respect to Request for

4         Production No. 1 and 4 through 10, and **DENIED** with respect to Request for

5         Production No.s 2 and 3.  Defendants shall have until January 16, 2012, to serve full and

6         complete responses without objections to these requests.

7     3.     A status conference is set for January 24, 2012 at 9:00 am.  At the status conference the

8         court will address any disputes the parties may have concerning the adequacy of the

9         supplemental responses compelled in this order, and any request for adjustment of the

10       discovery plan and scheduling order deadlines.

11    4.     The parties shall submit a joint status report no later than January 20, 2012 detailing any

12       disputes the parties have concerning the adequacy of the responses the court has

13       compelled the Defendants to provide, and any request for an adjustment of the discovery

14       plan and scheduling order deadlines.  The joint status report shall identify any disputes

15       or requests and state the parties' respective positions with sufficient specificity to enable

16       the court to resolve them without the necessity of formal briefing.

17    Dated this 12th day of January, 2012.

18

19                        _____

20                        Peggy A. Leen

                           United States Magistrate Judge

21

22

23

24

25

26

27

28