# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BANK OF AMERICA, N.A., )
                    Plaintiff, )   Case No. 2:10-cv-00396-KJD-PAL

vs. )   **ORDER**

MALIBU CANYON INVESTORS, LLC, *et al.,* )   (Mot. Have Responses Admitted - Dkt. #32)
                    Defendant. )

The court conducted a hearing on January 9, 2012, at 3:30 p.m.[1], on Plaintiff's Motion to Have Responses and Defendants' Answer to the Complaint Deemed Admitted (Dkt. #32) which was referred to the undersigned by the district judge. Karl Riley and Michael Stein appeared on behalf of the Plaintiff. Allyson Noto and Matthew Kneeland appeared on behalf of the Defendants. The court has considered the Motions, the Opposition (Dkt. 33), Reply (Dkt. 35), and the arguments of counsel at the hearing.

## BACKGROUND

This is a deficiency judgment action brought by Plaintiff Bank of America, N.A. ("BOA") against Defendant Malibu Canyon Investors, LLC ("MCI") as Borrower, and Defendant Terrence Bean ("Bean") as Guarantor. In the current motion, Plaintiff seeks an order deeming Defendants to have admitted Paragraphs 11 through 19, 21 through 24, 40, 41, 45, 46 and 47 of the complaint. Defendants responded to each of these complaint allegations that they were "without sufficient information to form a belief as to the truth of the matters asserted therein, and therefore deny each and every allegation

---

[1] The matter was originally set for hearing on January 5, 2012, at 11:00 a.m. Counsel for the Defendants appeared. However, when counsel for Plaintiff had not arrived by approximately 11:45 a.m., because of a conflicting appearance in state court, the matter was continued to January 9, 2012.

contained therein." Plaintiff argues that Defendants violated their obligations under Fed.R.Civ.P. 8(b)(5), and therefore should be deemed to have admitted these complaint allegations under Rule 8(b)(6). Each of these complaint allegations, Plaintiff argues, involve facts within Defendants' knowledge or information Defendants had access to in the public record. These complaint allegations merely ask the Defendants to admit the loan documents involved in this litigation were executed and authentic copies attached to the complaint, that summary judgment was entered in the underlying state court judicial foreclosure action, and that the property was sold in a Sheriff's sale. The same law firm represented the Defendants in the underlying state judicial foreclosure action and both Defendants and their counsel therefore had sufficient knowledge or information of the truth of the matters asserted in these complaint allegations to either admit or deny them.

Defendants oppose the motion indicating it is "nothing more than a patently feeble attempt to obtain discovery without following the proper procedures." Defendants contend that if Plaintiff's request is granted there would be no point in ever conducting discovery in a civil case, and that the purpose of civil litigation is to determine the truth through written discovery requests and depositions and eventually at trial. Defendants claim they have appropriate and viable defenses that they intend to "vehemently litigate". On the merits, Defendants argue that Paragraphs 11 through 12 include language in the allegations that would require them to adopt Plaintiff's interpretation of the documents at issue in this case. With respect to the documents referred to in Paragraphs 13 through 15 and 18 of the complaint, Defendants contain the documents "simply speak for themselves" and that no admission is necessary or warranted. Defendant contends Paragraph 17 "uses superfluous language that Defendants are without sufficient information to attest to." With respect to Paragraph 16 and 19, Defendants claim that at the time of the answer they did not have sufficient information available to them to determine whether the documents attached to the complaint were indeed authentic copies. Defendants are now willing to amend the complaint to state that the documents they produced in their initial disclosures that are referred to in Paragraph 16 and 19 are true and authentic copies. However, their investigation of the authenticity of the documents attached to Plaintiff's complaint "remains pending."

Defendants also object that Paragraphs 23 and 24 of the compliant request the Defendants to admit that Plaintiff properly perfected a lien in u and to both real and personal property belonging to the

Defendants, and that they "simply do not have sufficient information to form a belief about this". Defendants also argue they are "obviously" not required to admit a legal conclusion. Paragraphs 25 through 28 of the complaint request Defendants to admit they waived all rights and defenses in this action which is a legal conclusion for this court to determine. Similarly, Paragraphs 29 through 34, 40 to 41, and 45 through 47 ask the Defendants to admit that they breached the terms of the loan documents and guaranty, that Plaintiff fully performed all of its obligations, and that Plaintiff was in its rights to declare the entire amount due and payable. Defendants do not admit these allegations and are entitled to conduct discovery.

Plaintiff's reply reiterates that the complaint allegations in dispute in this motion contain information clearly within Defendants' personal knowledge or in the public record, for example, verbatim language taken from the state court's order granting summary judgment in the underlying judicial foreclosure action. Defendants' blanket denials on information and belief are not credible and violate their obligations under Rule 8(b). Specifically, Defendants failed to comply with their obligations under Rule 8(b)(2) which requires a denial to fairly respond to the substance of the allegation. Defendants also failed to comply with Rule 8(b)(4) which requires a party who intends in good faith to deny only part of an allegation to admit that part that is true and deny the rest. Plaintiff cites Wright & Miller, *Federal Practice and Procedure* § 1262 (3d Ed. 2004), and unpublished decisions in the Eastern District of Virginia and Northern District of Illinois for the proposition that a denial of knowledge or information requires that a party not only lack first-had knowledge of the necessary facts involved, but also that the party lacks information upon which she reasonably could form a personal belief concerning the truth of the adversary's allegations. Defendant Bean was the principal of MCI who executed all of these agreements, and therefore has knowledge of the documents he executed. The same law firm represented the Defendants in the underlying state judicial foreclosure action, and therefore cannot claim that they are not aware of the documents the Defendants signed or what occurred in the underlying state court action.

## **DISCUSSION**

Signing pleadings, motions and other papers is governed by Rule 11 of the Federal Rules of Civil Procedure. Rule 11(b) provides, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)  . . .
>
> (2)  . . .
>
> (3)  . . .
>
> (4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(c) gives the court authority to impose sanctions on an attorney, law firm or party the court determines has violated Rule 11(b). In addition, it provides that "absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Rule 11 unquestionably requires a party and a lawyer to make a reasonable inquiry before denying factual contentions on an asserted belief or lack of information.

The Ninth Circuit has held that "an answer asserting want of knowledge sufficient to form a belief as to the truth of facts alleged in a complaint does not serve as a denial if the assertion of ignorance is obviously a sham. In such circumstances the facts alleged in the complaint stand admitted." *Harvey Aluminum, Inc. v. N.L.R.B.,* 335 F.2d 749, 758 (9th Cir. 1964), *citing* authorities collected in 2 Moore *Federal Practice* P8.22 (1962); 1A Barron & Holtzoff, *Federal Practice & Procedure* § 277 at 148-53 (Rules ed. 1960); 5 *Cyclopedia of Federal Practice* §§ 15.136-.139 (1951), and *Mesirow v. Duggan*, 240 F.2d 751, 756 (8th Cir. 1957). Rule 8(b) imposes a direct personal obligation upon the attorney who signs an answer to satisfy himself that the pleading is not a sham or frivolous. *Id.* at n.34.

In *Harvey Aluminum,* the National Labor Relations Board ("NLRB") issued a complaint charging that the petitioners engaged in unfair labor practice by maintaining surveillance of union activities of employees of Harvey Aluminum, Inc. ("Harvey") and General Engineering, Inc. ("General"). In its answer to the Board's complaint, the petitioner stated it did not have sufficient knowledge or information to form a belief as to the truth or falsity of allegations that General and Harvey were commonly owned and controlled and possessed a common labor policy. The Ninth

Circuit found that these were facts necessarily within the knowledge of General's managing officers, and that it "averment of ignorance was clearly frivolous". *See* also *Dawkins v. Williams*, 511 F.Supp. 2d 248, 271 n.53 (N.D.N.Y. 2007) (finding complaint allegation denied on information and belief that at times relevant to the complaint the defendant was the plaintiff's partner improperly denied by defendant and deemed admitted); *Djourabchi v. Self*, 240 F.R.D. 5, 12 (D.C. 2006) (deeming admitted complaint allegation that defendant lacked a license to perform work as a general contractor which defendant denied alleging he was without sufficient knowledge or information sufficient to form a belief).

      This is a simple deficiency action brought by BOA against a borrower, Defendant MCI, and individual guarantor, Defendant Bean. BOA loaned MCI $13,300,000.00. Documents were executed in connection with the loan which Bean signed on behalf of MCI. Additionally, Bean personally guaranteed the loan. The loan was modified, and the maturity date extended. However, the borrower ultimately defaulted, the bank foreclosed on the real property securing the loan, and BOA filed a state judicial foreclosure action. The state court entered an order granting Plaintiff's motion for summary judgment. The property was sold at public auction at a Sheriff's sale and BOA has now filed this deficiency action. The same law firm that defended the Defendants in the underlying state deficiency action is counsel of record in this case. Defendants' denials of the majority of the complaint allegations in dispute in this motion are simply untenable. A party may not deny sufficient information or knowledge with impunity, and must honestly answer a complaint. Rule 8 and the cases construing it are clear that complaint allegations will be deemed admitted when the matter is obviously one of which a pleader has knowledge or information. Additionally, parties have a duty to make reasonable inquiry before denying a complaint allegation, and failure to make reasonable inquiry will constitute an admission.

      The court finds that Defendants' averment that they lack sufficient knowledge and information on which to admit or deny the majority of the of the complaint allegations involved in this motion are frivolous and a sham. Most of these complaint allegations involve matters which the Defendants either knew or should have known at the time of the answer after making reasonable inquiry. Accordingly, the court deems admitted the following complaint allegations:

11. On or about January 10, 2006, MCI, as maker, executed a "Promissory Note" and "<u>Loan Agreement</u>" wherein B of A agreed to loan up to $13,300,000.00 (the "<u>Loan</u>) to MCI, the proceeds of which were to be used by MCI to finance a substantial portion of the costs incurred by MCI in its acquisition of real property and for other purposes as provided in the Loan Agreement.

12. On or about January 10, 2006, Bean executed a "Guaranty Agreement" in favor of B of A guaranteeing the payment to B of A of all amounts due and owing under the Loan Documents together with interest and any other sums payable under the Loan Documents (the "<u>Guaranty</u>").

13. On or about August 1, 2007, B of A, MCI and Bean entered into an amendment to the Loan Agreement, or "First Loan Modification Agreement."

14. On or about March 1, 2008, B of A, MCI and Bean entered into an amendment to the Loan Agreement, or "Second Loan Modification Agreement."

15. On or about May 1, 2008, B of A, MCI and Bean entered into an amendment to the Loan Agreement, or "Third Loan Modification Agreement."

16. Authentic copies of the Promissory Note, Loan Agreement, First Loan Modification Agreement, Second Loan Modification Agreement, and Third Loan Modification Agreement and Guaranty Agreement are attached hereto as **Exhibits 1, 2, 3, 4, 5 and 6**, respectively, and are incorporated herein by reference.

17. On or about January 10, 2006, MCI executed that certain "Deed of Trust, Assignment, Security Agreement and Fixture Filing" ("Deed of Trust") in favor of B of A to secure MCI's loan obligations.

18. On or about August 1, 2007, MCI executed a Modification of Deed of Trust, Security Agreement and Fixture Filing with Assignment of Leases and Rents ("<u>Modification of Deed of Trust</u>").

19. Authentic copies of the Deed of Trust and Modification of Deed of Trust are attached hereto as **Exhibits 7 and 8**, respectively, and are incorporated herein by this reference.

21. The Deed of Trust was recorded in the Official Records of Clark County, Nevada,

|   |   |   |
|---|---|---|
| 1 | | ("Official Records") on January 22, 2006, in Book 20060111, as Instrument No. |
| 2 | | 0005443. |
| 3 | 22. | The Modification of Deed of Trust was recorded in the Official Records on July 31, |
| 4 | | 2007, in Book 20070731, as Instrument No. 0005314. |
| 5 | 27. | Pursuant to the terms of Note and Loan Agreement, MCI waived the right to a trial by |
| 6 | | jury. |
| 7 | 30. | Pursuant to its rights under the Loan Documents, B of A declared the entire balance due |
| 8 | | from MCI to be immediately payable. |
| 9 | 31. | On the 12th day of August, 2008, B of A filed an action for Judicial Foreclosure pursuant |
| 10 | | to Nevada Revised Statute 40.430 with the Eighth Judicial District Court, Clark County, |
| 11 | | Nevada, captioned *Bank of America, N.A., a national association v. Malibu Canyon* |
| 12 | | *Investors, LLC, a Nevada limited liability company,* Case No. A569421. |
| 13 | 32. | On April 30, 2009, the Eighth Judicial District Court, Clark County, Nevada, entered its |
| 14 | | *Order Granting Plaintiff's Motion for Summary Judgment* wherein it ordered, among |
| 15 | | other things, that the Real Property and Personal Property be sold pursuant to NRS |
| 16 | | 40.430(3) in the same manner as the sale of real property upon execution, by the Sheriff |
| 17 | | of Clark County, Nevada; the proceeds of sale shall be applied as provided in NRS |
| 18 | | 40.462 unless the Real Property and Personal Property are purchased by B of A pursuant |
| 19 | | to a credit bid and that B of A retains the rights to seek a deficiency judgment in |
| 20 | | conformity with and pursuant to the terms set forth in Chapter 40 of the Nevada Revised |
| 21 | | Statutes (the "NV State Court Order"). |
| 22 | 33. | An authentic copy of the NV State Court Order is attached hereto as **Exhibit 9**. |

Having reviewed and considered the matter and for the reasons stated,

**IT IS ORDERED** that:

1. Plaintiff's Motion to Have Responses in Defendants' Answer to the Complaint Deemed Admitted (Dkt. #32) is **GRANTED in part** and **DENIED in part**. The motion is

///
///

**GRANTED** with respect to Paragraphs 11 through 19, 21 through 22, 27, 30 through 33, and 35.  The motion is **DENIED** in all other respects.

Dated this 12th day of January, 2012.

_____
Peggy A. Leen
United States Magistrate Judge